UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO.: 8:16-CR-392-T-36JSS

WELLINGTON RAFAEL RUANO-CARABALI
_____/

## SENTENCING MEMORANDUM

### FACTUAL AND PROCEDURAL HISTORY

In August 2016, ███████████████████████, WELLINGTON RAFAEL RUANO-CARABALI, and TITO JOSE CORTEZ-PORTOCARRERO boarded a go-fast vessel loaded with cocaine and embarked on a cocaine transportation venture. ███████████ was identified as the master of the go-fast vessel. On August 24, 2016, United States Coast Guard officials detected the go-fast vessel south of the Guatemala/El Salvador border and launched a helicopter in an attempt to stop the vessel. When the go fast crew observed the helicopter they began jettisoning multiple bales of cocaine and attempted to flee. Coast Guard officials fired warning shots at the go-fast vessel, causing it to stop and allowing a team from another vessel to board it. The boarding team did not find any bales of cocaine, but chemical testing of the go-fast vessel was positive for the presence of cocaine and methamphetamine. Coast Guard officials searched the debris field the next day but were unable to recover any bales.

███████████ told Coast Guard authorities that he and the other crew were transported from another boat to the go-fast vessel

in order to smuggle the cocaine they had thrown overboard after hearing the helicopter. All three crew members were detained and transported to the United States for prosecution. During post-arrest interviews, each crew member reported a number of bales jettisoned, and the lowest number of bales reported was 10. A reasonable and conservative weight-per-bale estimate is 25 kilograms. Therefore, a reasonable estimate of cocaine onboard the go-fast vessel is 250 kilograms.

## CURRENT GUIDELINE CALCULATIONS

The Pre-Sentence Investigation Report (PSIR) has been reviewed and there are no outstanding objections for the Court to resolve. The current guideline calculation is based upon a **total offense level of 31 and a criminal history category of I,** the guideline imprisonment range is **108 to 135 months** with a required **minimum mandatory sentence of ten (10) years**. No motion for a downward departure of his recommended sentence based upon substantial assistance has been filed by the government at this time and the Court cannot impose a sentence of less than the minimum mandatory ten (10) years; however, should such a motion be filed the Court would not be constrained by the minimum mandatory.

## PERSONAL HISTORY

WELLINGTON RAFAEL RUANO-CARABALI was born April 3, 1985, in Ecuador. He is the only child born to MARIA MANUELA CARABALI-CORTES, age 51, and EVERGITO RUANO, age 52. The defendant's parents were in a common law relationship when he was

born, but they separated when he was a child. The defendant reported that his parents reside in Esmeraldas. The defendant has six maternal half-siblings, and their names are as follows: BIRABEL RODRIGUEZ (age 30 resides in Quito), DIEGO ARMANDO (age 27 resides in Guayaquil), LUIS ALBERTO CARABALI-CORTEZ (age 17 resides in Esmeraldas), GABRIEL CARABALI-CORTEZ (age 15 resides in Esmeraldas), ARIEL CARABALI-CORTEZ (age 13 resides in Esmeraldas and ROBERTO CORTEZ-CARABALI (age 9 resides in Esmeraldas).

The defendant has never been married. The defendant has five children ranging from ages 3 to 13 years old, who reside with their respective mothers throughout Ecuador. The defendant has not been able to support his children due to never having gainful employment. The defendant knows the names of two children, ZAIRA DAMARIS RUANO-CUCALO and DANA; however, he does not know the last name of DANA or his other children.

## **FINANCIAL CONDITION**

Mr. RUANO-CARABALI is a citizen of Ecuador, and, prior to his arrest, he had never been to the United States. He has been continuously incarcerated since his arrest, and he is facing a significant period of incarceration followed by deportation. The defendant's employment history consists of working as a fisherman, a welder, and a bus fare collector in Ecuador. The defendant has never obtained gainful employment due to his illiteracy. The defendant has court-appointed counsel and is in custody facing a significant term of imprisonment and has no income and no assets;

3

therefore, the defendant does not have the ability to pay a fine within the applicable guideline range.

**REQUEST FOR A VARIANCE FROM HIS ADVISORY GUIDELINE RANGE**

In fashioning a sentence for WELLINGTON RAFAEL RUANO-CARABALI, this Court must take into account all of the factors designated in 18 U.S.C. 3553(a)(1)-(7). At this time, the minimum mandatory sentence of **120 months imprisonment** is the least amount of time he can receive. The government has agreed to recommend a low end guideline sentence in the plea agreement and the Defendant is asking for such a sentence. Should a motion for downward departure based upon substantial assistance be filed and granted, the Defendant would request an additional variance downward from his advisory guideline calculations.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to TAYLOR G. STOUT, ASSISTANT UNITED STATES ATTORNEY, 400 N. Tampa Street, Suite 3200, Tampa, Florida 33602, by electronic delivery, this 29th day of January, 2017.

    /s/ Daniel L. Castillo
DANIEL L. CASTILLO, ESQUIRE, B.C.S.
3900 North Boulevard
Tampa, Florida 33603-4628
(813) 228-0995
Florida Bar Number 905402
Email: dlcastillo51@gmail.com
Attorney for RUANO-CARABALI
01291702.4